JjMURRAY, Judge.
Earl Grace, plaintiff/relator, a Jones Act seaman has applied for supervisory writs to review the ruling of the trial court denying his motion to enforce the settlement of his maintenance and cure claim against Zapata Off-Shore, his Jones Act employer. We grant certiorari.
The pertinent facts are as follows:
Plaintiffs negligence claim against Zapata was tried for three days, and resulted in a defense verdict on July 14, 1994. Plaintiff filed a motion to appeal this verdict on August 24, 1994, and the Order granting the appeal was signed on August 31, 1994.
In addition to the negligence claim against Zapata, Mr. Grace filed a claim for recovery of maintenance and cure benefits. The maintenance cure claim was not decided at the time of the judgment on the negligence claim. Instead, both parties stipulated, on the record, that Mr. Grace’s cure benefits would be left open indefinitely, and that his maintenance benefit would be retroactively raised from $15.00 to $30.00 per day.[1]
Following the verdict on the negligence claim and stipulation relating to maintenance and cure benefits, the parties discussed settling the maintenance and cure claim. In addition to verbal discussions, counsel for plaintiff sent to counsel for Zapata a letter outlining his Revaluation of the probable cost of future maintenance and cure benefits due Mr. Grace. This letter expressed a willingness to continue these settlement discussions once the “back due” maintenance stipulated to had been paid.
On September 6, 1994, counsel for Zapata sent the following letter to counsel for Mr. Grace:
Dear Bob:
As you are aware, our client has offered to settle Mr. Grace’s maintenance and cure into the future for a total of $150,-000.00 This offer has been “on the table” since the end of the trial on July 14, 1994.
This letter is to inform you the $150,000 offer will be rescinded as of 5:00 p.m. on Wednesday, September 7, 1994.
The following response, dated September 7, 1994, was sent to counsel for Zapata by counsel for Mr. Grace by facsimile and regular mail:
Dear Phil:
In response to your correspondence of September 6, 1994, Mr. Grace hereby accepts your client’s offer to settle his maintenance and cure into the future for a total of $150,000.
Mr. Grace filed a motion seeking to enforce the settlement. Zapata opposed the motion, arguing that its offer to settle the *706 claim for future maintenance and cure claim was predicated upon the plaintiffs agreement not to appeal the verdict in its favor on the negligence claim. After hearing on the motion on December 12, 1994, the trial court declined to enforce the settlement, finding that there had been no meeting of the minds. The trial court reasoned:
I think in his [counsel for Zapata] mind it included the offer that was on the table to close the whole thing out and that your letter didn’t say that. But it referred to the — that this matter had been on the table since that time. So as a matter of fact, I don’t find there’s a meeting of the minds.
Tr. motion hearing, p. 6, lines 3-11.
Louisiana law provides that a compromise must be reduced to writing or recited-in open court, capable of being transcribed from the record of the proceedings. La.Civ.Code art. 3071. It is not necessary that the offer and acceptance be contained in one writing. As the Supreme Court stated in Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981), (reh. den. 1981), “[W]here two instruments, when read together, outline the obligations each party has to the other and evidence each party’s acquiescence in the agreement, a written compromise agreement, as contemplated by La.C.C. art. 3071, has been perfected.” Id. at 523-24.
In the instant case there apparently were verbal discussions regarding settlement. There was a written offer to settle the “maintenance and cure into the future for a total of $150,000,” and the specification that this 150,-000 offer would be rescinded if not accepted as of 5:00 p.m. on Wednesday, September 7, 1994. On September 7, 1994, there was a written acceptance of the $150,000 offer to settle the maintenance and cure claim into the future for a total of $150,000 before the 5:00 p.m. deadline. The written offer was not predicated upon an agreement that Mr. Grace not appeal or abandon his appeal of the verdict on the negligence issue.
A compromise is valid if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La.Civ.Code art. 2046; Ransom v. Camcraft Inc., 580 So.2d 1073 (La.App. 4th Cir.1991). There is no ambiguity in the offer made to plaintiff by Zapata’s counsel nor in plaintiffs acceptance. Both are explicit, and the agreement reached leads to no absurd result. Zapata relieves itself of an obligation arguably worth $268,000[2] for $150,000. Mr. Grace receives less than what his maintenance and cure claim arguably is worth, but preserves his right to pursue an appeal of the judgment on his negligence claim.
This court does not doubt defense counsel’s assertion that Zapata wished to have the entire litigation resulting from this incident resolved. Nor do we doubt that this desire may have been expressed in discussions of settlement prior to the September 6 written offer. If Zapata’s $150,000 offer was predicated upon the condition that Mr. Grace abandon his appeal of the judgment on the negligence claim, it could and should have so stated. It did not. The offer, without the condition, was accepted within the allotted time, and Zapata is now bound. What Zapata’s attorney may have meant to include in the offer, or what he wished he had included is irrelevant. Were we to hold otherwise where the terms of the offer are clear and unambiguous, and that offer is accepted, without modification by the offeree, no settlement agreement would ever be final.
pThere was a meeting of the minds, reduced to writing. The written agreement was clear and explicit, and the trial court erred in denying plaintiffs motion to enforce the valid settlement agreement.
REVERSED.
SCHOTT, C.J., dissents with reasons.
WALTZER, J., dissents with reasons.

. The increase in the maintenance benefit was retroactive to the date of filing suit, the date on which the Jones Act employer reduced the maintenance payment by fifty percent.

. This is the evaluation placed on the claim by plaintiffs counsel.