663 So.2d 822 (1995)
Michael MAYEAUX
v.
DENNY'S INC.
No. 95-CA-453.
Court of Appeal of Louisiana, Fifth Circuit.
October 18, 1995.
*824 John J. Jackson, III, Jackson & Stovall, Metairie, for Plaintiff/Appellee, Michael Mayeaux.
John I. Hulse, IV, Hulse, Nelson & Wanek, New Orleans, for Defendant/Appellant, Denny's Inc.
Before BOWES and WICKER, JJ., and ROBERT J. BURNS, J. Pro Tem.
BOWES, Judge.
Plaintiff, Michael J. Mayeaux, filed suit against defendant, Denny's Restaurant, for damages sustained as a result of chewing on a piece of glass while eating breakfast. The parties entered into settlement negotiations, but ultimately plaintiff rejected the settlement award tendered by defendant.
Prior to the trial of this matter, defendant filed a motion to enforce a pre-trial settlement agreement, which was denied by the trial court. After a trial on the merits, the court rendered judgment in favor of Mr. Mayeaux, and awarded damages of $17,073.48 ($14,000.00 in general damages; $1,200.00 for future medical expenses; $1,465.00 for past medical expenses; and $8.48 for the cost of the meal and $400.00 expert witness fees).
Defendant appeals, alleging that the trial court erred in denying its motion to enforce the pre-trial judgment, that the award of general damages was excessive and that the plaintiff failed to prove that he was entitled an award for future medical expenses. For the following reasons, we affirm the judgment of the trial court.

PRE-TRIAL SETTLEMENT
The record in this matter contains the documentation evidencing the settlement negotiations between plaintiff and defendant, which consists of letters between the attorneys representing each party. The letters indicate that a settlement amount of $8,500.00 was reached between these two attorneys and defendants sent a settlement check in the amount of $8,500.00, plus release and settlement documents to plaintiff through his attorney. At that time, plaintiff refused to accept the settlement check. In the letter which plaintiff's attorney sent to defendant, and which indicated plaintiff's refusal of the settlement check, the attorney stated that "[My client] claims that he understood that he would be netting $8,500.00 and will not settle for anything less."
In this appeal, Denny's alleges that the parties had confected a valid settlement, and that Mr. Mayeaux cannot now change his mind and/or decide that the amount is inadequate.
Persons, by contract of transaction or compromise, may settle any differences they may have that are the subject of a lawsuit or that could result in litigation. La. C.C. 3071, 3073. A compromise agreement requires no other cause or consideration than an adjustment of differences and avoidance of litigation. Perault v. Time Ins. Co., 633 So.2d 263 (La.App. 1 Cir.1993). A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. Perault, supra, Tarver v. Oliver H. Van Horn Co., 591 So.2d 1366 (La.App. 4 Cir.1991), writ denied, 594 So.2d 891 (La. 1992). To be unambiguous, a compromise *825 must be made by mutual consent and be reduced to writing or must be recited in open court and capable of being transcribed from the record of the proceeding. La.C.C. art. 3071; Perault, supra.
We can find no manifest error in the decision of the trial court refusing to enforce the settlement agreement. Although the trial judge did not give reasons for his decision, we believe that the evidence presented shows that there was no meeting of the minds as to the amount that plaintiff would receive in settlement of his claims. After considering this evidence, consisting solely of correspondence between the attorneys, the trial court could reasonably have concluded that the plaintiff did not agree to compromise his claims for a gross of $8,500.00 and, did in fact, believe that he would net $8,500.00.
We find no merit to this allegation of error.

DAMAGES
Denny's Restaurant alleges that the award of $14,000.00 for general damages is excessive. Denny's Restaurant further argues that the plaintiff did not prove entitlement to an award of future medical damages of $1,200.00.
The Louisiana Supreme Court, in the case of Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993) set forth the guidelines for appellate review of damage awards:
[T]he discretion vested in the trier of fact is `great,' and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
In Rowsey v. Jones, 26,823 (La.App. 2 Cir. 5/10/95), 655 So.2d 560, 577, the court observed:
On review we must first determine whether the award, given the effects of the particular injuries on the plaintiff under the particular circumstances, is a clear abuse of the `much discretion' of the trier of fact. La.C.C. art. 1999; Hae Woo Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), and citations therein. Only after finding an abuse of discretion is it appropriate to resort to prior awards to determine the highest or lowest point which is reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976). In light of the fact that the discretion vested in the trier of fact is `great,' even vast, an appellate court should rarely disturb an award. Youn, supra.

In this case, Mr. Mayeaux testified that on May 6, 1992, he was eating breakfast at Denny's Restaurant. He had taken a bite of hash browns, and was chewing on the left side of his mouth when he heard a "click." He thought it was a piece of the hash browns so he switched sides and began chewing on the right. He heard the "click" again. He spit out and discovered that he had been chewing on a small piece of glass. About one hour later, his teeth started aching and he obtained a dental appointment for that morning. This was the start of what was an approximately fifteen month course of treatment. Mr. Mayeaux further testified that, as of the date of trial, he continued to have difficulty with the teeth in the right side of his mouth, and that he could not chew his food on that side.
Mrs. Lula Mayeaux, plaintiff's wife testified that plaintiff did not have dental pain prior to biting on the piece of glass, that he began with the pain shortly after the incident, and that he continued to suffer with pain up to the date of trial. Mrs. Mayeaux also testified that she had made him a dental appointment which was pending as of the date of trial.
Dr. Lloyd Vangeffen, plaintiff's treating dentist, testified to the following. Mr. Mayeaux came in on May 6, 1992 complaining of tooth pain. At that time, Dr. Vangeffen discovered three cracked fillings. Two fillings were replaced the next day, and one filling was replaced approximately one week later. *826 Subsequently, at different times over the next fifteen months, plaintiff returned to Dr. Vangeffen, who discovered that four more teeth were symptomatic and/or had been damaged. Two of those teeth were cracked and had to be crowned.
Dr. Vangeffen testified that, in dentistry, it is very difficult to tell if a tooth is cracked since the cracks do not show up on x-rays. Dr. Vangeffen further testified that Mr. Mayeaux was not a good dental patient as he has a very low pain threshold. In addition, he was a difficult patient to "get numb," and that dental treatment could be painful to him. On redirect examination, Dr. Vangeffen testified that Mr. Mayeaux's dental complaints were consistent with having "chomped" on some kind of hard, foreign object and that he could have had cracked teeth which went undetected at the time of the initial dental examination.
Defendant contends that the $14,000.00 award for damages is excessive because: (1) the plaintiff did not lose any teeth; and (2) the plaintiff was never prescribed medication for pain, thereby belying his allegations. The trial judge did not given reasons for his judgment; however, it appears that the judge chose to believe plaintiff's testimony that he suffered dental pain over a long period of time and that he continued to suffer such pain. The trial court apparently also took into consideration Dr. Vangeffen's testimony that the dental treatment was necessitated by the chewing incident at Denny's and that the treatments lasted some fifteen months. Whereas, we may have decided the case differently, the decision of the trial judge could certainly have been reached as a reasonable view of the evidence before the trier of fact. We cannot find any abuse of the vast discretion afforded to the trial judge in this area. Accordingly, we do not find manifest error in these findings of fact made by the learned trial judge nor the amount of the award.
Finally, defendants argue that the trial court erred in awarding future medical expenses of $1,200.00.
Like any other element of special damages, future medical cost or expenses must be established with some degree of certainty, and a plaintiff must demonstrate that such expenditures more probably than not will be incurred as a result of the injury. Fleming v. Smith, 93-488 (La.App. 5 Cir. 5/31/94), 638 So.2d 467. The burden of proof in a claim for future medical expenses is a preponderance of evidence. Fleming, supra; Durkee v. City of Shreveport, 587 So.2d 722, 730 (La.App.2d Cir.1991), writ denied, 590 So.2d 68 (La.1991). Awards will not be made for future medical expenses which may or may not occur, in the absence of medical testimony that the expenses for necessary treatment are indicated and setting out their probable cost. Fleming, supra; Durkee, supra.
In this case, Dr. Vangeffen testified that plaintiff received two crowns during the course of the treatment. Dr. Vangeffen further testified that these crowns had a life expectancy of five years, although they may last 15-20 years. Thus, it is more probable than not that plaintiff, who is 47, will have to have the crowns replaced at least once during his lifetime. Dr. Vangeffen also testified that the present day cost of a crown is $600.00. Using this figure, the trial court awarded future medicals of $1,200.00 for the future replacement of the two crowns. This appears to be a logical and reasonable decision in view of the evidence presented. Consequently, again we can find no abuse of the great discretion of the trial court in this award and, therefore, no manifest error.
Defendant's allegations of excessive damages are meritless.
Accordingly, the decision of the trial court is affirmed. All costs of this appeal are assessed against appellant/defendant, Denny's Restaurant.
AFFIRMED.