712 So.2d 932 (1998)
Douglas R. ABADIE, et al.
v.
METROPOLITAN LIFE INSURANCE COMPANY, et al.
Nos. 97-CA-932 to 97-CA-940.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1998.
*933 James L. Selman, II, Richard C. Badeaux, Jones, Walker, Waechter, Pointevent, Carrere & Denegre, L.L.P., New Orleans, Peter L. Hilbert, Jr., Dorothy S. Watkins, McGlinchey Stafford, New Orleans, Richard P. Sulzer, Metairie, Kevin C. O'Bryon, New Orleans, James R. Logan, IV, New Orleans, for defendants-appellants.
Mickey P. Landry, Frank J. Swarr, L. Dawn Smith, LeBlanc, Maples & Waddell, L.L.C., New Orleans, Robert G. Creely, Jacob J. Amato, Jr., Amato and Creely, Gretna, of counsel, for plaintiffs-appellees.
Before GRISBAUM, BOWES and DUFRESNE, JJ.
GRISBAUM, Judge.
Defendants-appellants, Metropolitan Life, et al., appeal the trial court's judgment denying their motion to enforce a transaction and compromise. We affirm.

ISSUE
The sole issue presented for review is whether the litigants' settlement, which was not written but recited in open court, without setting out the specific terms, is enforceable.

FACTS AND PROCEDURAL HISTORY
This case involves 106 plaintiffs, which were consolidated for trial purposes. The plaintiffs filed suit against the defendants, Equitable Shipyard, et al, due to claims related to asbestos exposure.
Plaintiff's were initially represented by Mr. John Dillon, who has now withdrawn from the case. On September 9, 1996, Mr. Dillon, representing the plaintiffs, and the defendants appeared in front of the trial judge. A settlement agreement was recited in open court; however, the specific terms were not set out and the form to be used was referred to as the one used in the Swindler case. Mr. Dillon stated that he had authority to settle the case for all 106 plaintiffs, but none of the plaintiffs were present in court to state their acceptance for the record. Furthermore, there was no allocation as to the amount each plaintiff would receive. Only a gross amount was agreed upon.
There is disagreement between the parties as to whether the settlement was intended to settle all claims, which are asbestos or silica related arising out of their employment, or only those which are asbestos related. The trial judge found that the defendants had proven, by a preponderance of the evidence, that all claims arising out of their employment, which were asbestos or silica related, were settled. Defendants argue that the plaintiffs are precluded from challenging this decision because they did not timely appeal. Based on the record and documents presented, we agree with the trial judge's conclusion. Thus, it is unnecessary to address the issue of whether plaintiffs are precluded from appealing this issue.
Mr. Mickey Landry is now the attorney for the plaintiffs. He has provided the defendants with an allocation list. However, he wants a release, other than the one agreed upon, the one used in the Swindler case, to be used.
Plaintiffs filed a motion to enforce settlement agreement on January 21, 1997. This motion was denied based on the finding that the settlement agreement was not a binding contractual agreement. On April 8, 1997, defendants filed their own motion for enforcement of the settlement agreement. The trial court denied the motion. It is from this judgment that the defendants now appeal.

*934 LAW AND ANALYSIS

La.Civ.Code art. 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
(Emphases as found in the original.)
Thus, under La.Civ.Code art. 3071, for a settlement agreement to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding or be in writing and signed by the parties or their agents. Sullivan v. Sullivan, 95-2122 (La. 4/8/96), 671 So.2d 315. The settlement agreement here was never put in writing. Thus, its enforcability depends upon whether it complies with the requirement that it be recited in open court and be capable of being transcribed from the record.
Recital of settlement agreements in open court must make full disclosure of the terms so that all parties involved are fully appraised of their rights and obligations. Troxclair v. Parish of St. Charles, 450 So.2d 759 (La.App. 5th Cir.1984). Furthermore, "[a] compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached." Mayeaux v. Denny's Inc., 95-453 (La.App. 5th Cir. 10/18/95), 663 So.2d 822, 824 (citations omitted).
The settlement agreement here fails to meet the requirements of a valid and enforceable settlement agreement. First, the terms of the agreement were not set forth in the record. Thus, it is not capable of being transcribed from the record. Second, the 106 plaintiffs-appellees were not clearly appraised of the terms because, at the time, the amount each appellee was to receive was not set out. Lastly, because the appellees were not fully appraised of their rights and obligations there was no meeting of the minds. In the final analysis, we find the trial court was correct in finding the settlement agreement unenforceable.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellants.
AFFIRMED.