HANS J. LILJEBERG, Judge.
| ¡.Plaintiff, Percy Chiasson, appeals the trial court’s February 6, 2012, judgment granting the Motion to Enforce Settlement filed by defendant, Progressive Security Insurance Company (“Progressive”). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

On June 22, 2006, Mr. Chiasson was involved in a motor vehicle accident, and he suffered personal injuries as a result. After making a claim with the tortfeasor’s liability insurer, Mr. Chiasson filed the instant lawsuit against his uninsured/un-derinsured (“UM”) carrier, Progressive, asserting that his damages exceed the policy limits of the tortfeasor.
On April 7, 2011, Progressive filed a Motion to Enforce Settlement, seeking an order from the trial court compelling Mr. Chiasson to execute documents in accordance with a settlement agreement that was reached in November of 2010. Specifically, Progressive claims that on November 23, 2010, Mr. Chiasson agreed to accept $25,000.00 in exchange for a full release of Progressive. However, despite repeated requests, plaintiff has failed to execute the settlement documents | ¡¡evidencing the parties’ agreement. In support of its motion, Progressive submitted the November 23, 2010, letter from Progressive’s attorney to plaintiffs attor *1148 ney which set forth the settlement terms. This letter was signed by plaintiffs attorney, Kevin Steel, above the notation, “On Behalf of and with the Consent of Percy Chaisson [sic].”
On January 24, 2012, Mr. Chiasson filed a memorandum in opposition to Progressive’s Motion to Enforce Settlement. In his memorandum, Mr. Chiasson stated that he has not signed a release of his claims or endorsed any settlement check, because he did not authorize Mr. Steel to settle his claim for $25,000.00. Mr. Chias-son also noted that he had retained new counsel to address this matter.
This matter came for hearing before the trial judge on January 31, 2012. After brief argument by counsel for both parties, the trial judge granted Progressive’s Motion to Enforce Settlement in open court. On February 6, 2012, the trial judge signed a written judgment granting the motion and dismissing Mr. Chiasson’s claims. Mr. Chiasson appeals.

LAW AND DISCUSSION

On appeal, Mr. Chiasson asserts that the trial judge erred when he granted Progressive’s Motion to Enforce Settlement. He claims that the record is insufficient to meet the writing requirement necessary for an enforceable compromise. Mr. Chi-asson further complains that Progressive did not submit any evidence that he gave his former attorney, Mr. Steel, the express authority to settle his case.
Progressive replies that the writing requirement for a valid compromise was fulfilled in this case, because the November 23, 2010, letter setting forth the settlement agreement, which was signed by Mr. Steel, provides that Mr. Steel was given the “specific authority” to settle Mr. Chias-son’s claims. It further contends |4that Mr. Chiasson has offered no evidence to show that the assertion by Mr. Steel that he had “specific authority” to enter into the settlement is untrue. Finally, Progressive argues that if an opposing party cannot rely on the "written assertions of counsel that he has the authority of his client to enter into an agreement, this will place a great burden on the system, requiring greater time and effort to confect settlements. We agree with Progressive’s position.
A settlement or compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071; Sims v. USAgencies Casualty Insurance Co., 10-1120, p. 6 (La.App. 1 Cir. 12/22/10), 68 So.3d 570, 574, writ denied, 11-1927 (La.l 1/14/11), 75 So.3d 943. LSA-C.C. art. 3072 requires that a compromise “shall be made in writing or recited in open court.” The requirement of a written document to perfect a compromise is not satisfied by the signature of a party’s attorney alone, unless authorization is expressly given, as per LSA-C.C. art. 2997.[1] Sims, 10-1120 at 8, 68 So.3d at 575.
In the present case, the November 23, 2010, letter from Progressive provides:
Please accept this correspondence as confirmation that this matter has resolved for $11,373.00 in new money for a total of $25,000.00, subject to any and all valid and outstanding liens or privileges of any kind or nature. In exchange for *1149 the settlement draft, it is my understanding that you have agreed to have your client dismiss and discharge Progressive Security Insurance Company, for any and all liability as a result of the incident which occurred on June 22, 2006. It is also my understanding that you have specific authority from your client to enter into and agree to the settlement described and outlined above. (Emphasis added).
This letter further provides, in pertinent part:
|J respectfully request that you sign the bottom of this correspondence and return it to my attention by facsimile. Doing so signifies your client’s acceptance and agreement of the terms of this settlement described and outlined above. (Emphasis in original).
As stated above, plaintiffs attorney, Kevin Steel, signed the bottom of this letter above the notation, “On Behalf of and with the Consent of Percy Chaisson [sic].” By signing this letter, plaintiffs attorney verified that he had been given specific authority to settle Mr. Chiasson’s claims against Progressive for a total of $25,000.00. The only evidence submitted by either party is this letter, which indicates that Mr. Chiasson gave Mr. Steel the express authority to settle his case against Progressive for $25,000.00. Progressive was entitled to rely on Mr. Steel’s assertion that he was acting with Mr. Chiasson’s consent. At the hearing in this matter, Mr. Chiasson did not provide any testimony or evidence to contest the information in the letter or establish that Mr. Chiasson did not give Mr. Steel express authority to settle the case.
In support of his position, Mr. Chiasson cites Mayeaux v. Denny’s, Inc., 95-458 (La.App. 5 Cir. 10/18/95), 663 So.2d 822. In Mayeaux, there was evidence in the record that attorneys for both parties had negotiated a settlement through correspondence with each other. The defendant’s attorney then forwarded a settlement check and release documents to the plaintiff, who refused to accept the settlement. Id. at 824. The defendant filed a Motion to Enforce the Settlement Agreement, which was denied by the trial judge. This Court affirmed on appeal, agreeing that there was no meeting of the minds. Mayeaux, 95-453 at 3, 663 So.2d at 825.
Although the facts of Mayeaux are similar to the instant case, the Mayeaux opinion does not set forth the all of the information in the correspondence between the attorneys. There is no indication in that case that counsel for the plaintiff stated |fithat he had specific authority from the plaintiff to settle the case. Thus, we find the Mayeaux case to be distinguishable and unpersuasive.
After reviewing the applicable jurisprudence on this issue, we find the reasoning in Elder v. Elder & Elder Enterprises, Ltd., 06-703 (La.App. 4 Cir. 1/11/07), 948 So.2d 348, writ denied, 07-560 (La.5/4/07), 956 So.2d 616, to be persuasive. In Elder, the Fourth Circuit found that correspondence between the plaintiffs attorney and the defendant’s attorney setting forth the terms of a settlement satisfied the writing requirement for a valid compromise. Elder, 06-703 at 7, 948 So.2d at 352. The settlement in that case involved immovable property. The Court found that requiring attorneys to secure the express written consent of their clients in all settlements that include the transfer of immovable property is too onerous of a requirement in cases where the nature of the dispute itself does not involve immovable property. *1150 Id. The Court further stated that such a requirement would only serve to impede settlements and weaken our jurisprudential practice of encouraging judicial settlement of on-going litigation. Id.
Although the present case does not involve immovable property, as the Elder case did, the reasoning remains the same. In the present case, we find that the November 23, 2010, letter, which was signed by Mr. Chiasson’s attorney and indicated that he had the specific authority to settle the case, was sufficient to meet the writing requirement for a valid compromise under LSA-C.C. 3072. Accordingly, based on the specific facts of the case before us, we find that the trial court did not err in granting Progressive’s Motion to Enforce Settlement.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment granting Progressive’s Motion to Enforce Settlement.

AFFIRMED

. LSA-C.C. art. 2997 provides, in pertinent part: "Authority also must be given expressly to: ... [ejnter into a compromise or refer a matter to arbitration.”