ROLAND L. BELSOME, Judge.
liThe plaintiff, Yolanda Davis, appeals the trial court’s judgment enforcing a settlement agreement. Because there is no proof of a valid settlement, we reverse.

FACTS AND PROCEDURAL HISTORY

This personal injury lawsuit stems from an alleged automobile accident that occurred in a parking lot in New Orleans between Ms. Davis and Benjamin Brown. After the alleged accident, the parties entered into settlement negotiations. During these negotiations, Ms. Davis’ attorney signed a letter addressed to Garrison Property and Casualty Insurance Company, Mr. Brown’s insurer, which read:
In response to your recent demand, I have been given final authority by my client to settle her claims for a total of $6,200.00.
In response to the letter, Garrison immediately sent a correspondence to Ms. Davis’ attorney, indicating that the claim was settled, and that a $6,200 check was sent under separate cover. Garrison further requested that the plaintiff sign and return a release enclosed with its correspondence. Several months later, Garrison sent a second correspondence to Ms. Davis, through her |2attomey, indicating that the check had not cleared the bank and requesting that the check be cashed as soon as possible.
Shortly thereafter, Ms. Davis filed suit against Mr. Brown and Garrison. Garri *929 son filed an answer, and, later, a motion to enforce a settlement agreement. Briefs were filed, and a hearing was held. At the conclusion of the hearing, the trial court ruled in favor of Garrison, finding “there was a deal.” The trial court later executed a written judgment in favor of Garrison. Before the written judgment was executed, Garrison submitted a proposed judgment. Ms. Davis’ attorney disagreed with language in the proposal that dismissed the entire case with prejudice, claiming that she had an unresolved property damage claim that was not included in the settlement. The judgment enforced the settlement of Ms. Davis’ bodily injury claims only, dismissed Ms. Davis’s bodily injury claims with prejudice, and retained Ms. Davis’s “supplemental” property damage claims.
The parties then filed cross-motions for new trial. Ms. Davis claimed that the correspondence did not create a valid agreement because her attorney did not have express authority in writing to settle her claims. Ms. Davis also noted that she had a supplemental property claim that was not part of the bodily injury settlement at issue. On the other hand, Garrison argued that all of Ms. Davis’ claims, including her property damage, were settled. After hearing the cross-motions, the trial court executed a written judgment granting in part and denying in part both motions. The trial court opined that “a valid and enforceable settlement was reached as to all of Yolanda Davis’ claims against Garrison | .^Property and Casualty Company except for her property damage claim.” This appeal followed.

STANDARD OF REVIEW

This Court’s recent jurisprudence reveals that we apply the manifest error appellate standard of review to a judgment granting a motion to enforce settlement. Sileo v. Berger, 11-295, p. 8 (La.App. 4 Cir. 9/28/11), 74 So.3d 753, 758, writ denied, 11-2396 (La.12/16/11), 76 So.3d 1208 (citing Howard v. Louisiana Citizens Property Ins. Corp., 10-1302, pp. 2-3 (La.App. 4 Cir. 4/27/11), 65 So.3d 697). “ ‘The district court made a factual determination that a contract existed between the parties when the court ruled on the motion to enforce settlement agreement. Thus, we apply the manifest error or clearly wrong standard.’” Howard, p. 3, 65 So.3d 697 (quoting Rogers v. Mumford, 08-1144, p. 5 (La.App. 3 Cir. 2/4/09), 6 So.3d 848, 851).

DISCUSSION

The sole issue before us is whether the trial court erred in finding that the parties entered into a valid settlement for Ms. Davis’ bodily injury claim.
“A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.” La. C.C. art. 3071. “A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.” La. C.C. art. 3072. “A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express.” La. C.C. art. 3076. It is not required that the offer and acceptance be in one writing. Grace v. Zapata Off-Shore Co., 95-112, p. 2 (La.App. 4 Cir. 3/29/95), 653 So.2d 704, 706. As the Supreme Court stated in Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981), “where two instruments, when read together, outline the obligations each party has to the other and evidence each party’s acquiescence in the agreement, a written compromise agreement, as contemplated by La. C.C. art. 3071, has been perfected.” Id. at 523-24.
*930 In support of his argument that the parties did not enter into a valid settlement, Ms. Davis contends that there was no proof that her attorney had express authority to settle her claim. In Chaisson v. Progressive Security Ins. Co., 12-532, p. 6 (La.App. 5 Cir. 2/21/13), 110 So.3d 1147, 1150, the Fifth Circuit held that correspondence setting forth terms of a settlement offer signed by the insured’s attorney, indicating that he had specific authority to settle the case, was sufficient to satisfy the statutory writing requirement for a valid compromise. We agree. However, in Chaisson, the sole issue was whether a lawyer can bind his or her client to a settlement, without the client’s signature. There was no dispute as to what matters were included in the settlement.
A compromise is valid only if “there is a meeting of the minds of the parties as to exactly what they intended when the compromise was reached.” Elder v. Elder & Elder Enterprises, Ltd., 06-703, p. 3 (La.App. 4 Cir. 1/11/07), 948 So.2d 348, 350 (citations omitted). Here, the question before us is whether the lawyers had a meeting of the minds as to which matters were included in the settlement. Thus, Chaisson is distinguishable from the instant case. Ms. Davis’ counsel’s original communication states that he was given final authority to settle her “claims” for $6,200. Garrison’s response reflects that it accepted Ms. Davis’ settlement offer, and it further requested that she sign a release, which indicated | Kthat her bodily injury and property damage claims were settled in full. Once the trial court granted Garrison’s motion to enforce the settlement, Ms. Davis maintained that the settlement only included her bodily injury claim, and Garrison maintained that the settlement included the entire claim. The trial found the property damage claim to be excluded from the settlement, even though the settlement documents were silent on that issue. Without a meeting of the minds, there can be no binding settlement. Accordingly, we find that the trial court was manifestly erroneous in finding that a valid settlement for Ms. Davis’ bodily injury claim existed, because the record does not support a meeting of the minds. The trial court’s ruling is reversed, and we remand for proceedings consistent with this opinion.
REVERSED AND REMANDED