STEPHANIE QUINTANILLA

VERSUS

ERIC WHITAKER; CARLO DITTA, INC.; AND
ZURICH AMERICAN INSURANCE
COMPANY

NO. 21-CA-160

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 806-068, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

December 01, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**JUDGMENT VACATED**

    **RAC**

    **SJW**

    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STEPHANIE QUINTANILLA
    Cristian P. Silva
    William R. Penton, III

COUNSEL FOR DEFENDANT/APPELLEE,
ERIC WHITAKER, CARLO DITTA, INC., AND ZURICH AMERICAN
INSURANCE COMPANY
    John J. Rabalais
    Chad N. Evans
    Joseph M. Mouton, II

**CHAISSON, J.**

In this case arising from an automobile accident, plaintiff Stephanie Quintanilla appeals a judgment of the trial court granting a Motion to Enforce Settlement Agreement filed by defendants Eric Whitaker, Carlo Ditta, Inc., and Zurich American Insurance Company. For the following reasons, we vacate the judgment of the trial court.

**BACKGROUND**

On April 27, 2020, Ms. Quintanilla filed a petition for damages wherein she alleged that she was injured in a December 5, 2019 automobile accident on Park Shore Drive in the Parish of Jefferson, when her car was struck by a 2011 Mack 800 driven by Mr. Whitaker, who was driving while in the course and scope of his employment with Carlo Ditta, Inc..

On October 12, 2020, defendants filed a Motion to Enforce Settlement Agreement wherein they alleged that Ms. Quintanilla, through her attorney of record, Jahida Lewis-Crawford, consented in writing to a settlement of all claims against defendants in exchange for a single, lump sum payment of $10,000.00. Defendants argue that Ms. Quintanilla accepted defendants' settlement offer in writing on September 17, 2020.

In opposition to the motion, Ms. Quintanilla argued that the settlement agreement was never perfected because she had terminated her representation with Ms. Lewis-Crawford before the settlement was finalized.

A hearing on the motion was held on December 3, 2020, at which time the court considered arguments of counsel as well as evidence consisting of emails exchanged between defendants' counsel and the paralegal to plaintiff's counsel, a copy of the termination email and discharge letter sent to Ms. Quintanilla's counsel, copies of text messages sent from the paralegal to Ms. Quintanilla, and an affidavit of the paralegal.

On December 29, 2020, the trial court rendered judgment granting the Motion to Enforce Settlement Agreement. Ms. Quintanilla's timely appeal followed.

**DISCUSSION**

A compromise or settlement is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071; *Chiasson v. Progressive Sec. Ins. Co.*, 12-532 (La. App. 5 Cir. 2/21/13), 110 So.3d 1147, 1148. A compromise shall be made in writing or recited in open court. La. C.C. art. 3072. The authority to enter into a compromise must be expressly given. La. C.C. art. 2997. A party's counsel of record does not have authority to settle a client's claim without the client's clear and express consent. *Coppage v. Transdev Servs., Inc.*, 20-0419 (La. App. 4 Cir. 3/19/21), 320 So.3d 1206, 1211, *writ denied*, 21-00549 (La. 6/8/21), 317 So.3d 328. When a trial court rules on a motion to enforce settlement agreement, it makes a factual determination whether a contract existed between the parties, and therefore we apply the manifest error or clearly wrong standard of review. *Howard v. Louisiana Citizens Prop. Ins. Corp.*, 10-1302 (La. App. 4 Cir. 4/27/11), 65 So.3d 697, 699.

At issue in this case is the timing of the termination of Ms. Quintanilla's prior counsel and whether any settlement agreement was perfected before the termination. The evidence in the record indicates that there were communications via phone and e-mail between defense counsel, the paralegal for Ms. Quintanilla's counsel, and Ms. Quintanilla on the morning of September 16, 2020. According to the affidavit of the paralegal, Ms. Karla Pennington, around 10:30 a.m., Ms. Quintanilla indicated that she would accept defendants' offer of $10,000.00. Ms. Pennington's affidavit further indicates that around 10:45 a.m. that day, as per Ms. Lewis-Crawford's instructions, she was supposed to send an email to defense

counsel confirming Ms. Quintanilla's acceptance of the offer, but she forgot to hit the send button. Ms. Pennington did not send an email to defense counsel confirming Ms. Quintanilla's acceptance of the offer until 4:31 p.m. on that same day.

Ms. Pennington also swore in her affidavit that on that same day, September 16, 2020, at approximately 2:00 p.m., she was at lunch with Ms. Lewis-Crawford when Ms. Lewis-Crawford received the email with Ms. Quintanilla's discharge letter. The email entered into the record confirms that the discharge letter was sent by Ms. Quintanilla's new counsel to Ms. Lewis-Crawford on September 16, 2020, at 2:00 p.m.

The discharge letter, dated September 16, 2020 and signed by Ms. Quintanilla, stated, "[p]lease be advised that I no longer wish you to represent me for the automobile accident of December, 2019. Please stop working on my case and provide my new attorneys … with a copy of our entire file." Contrary to Ms. Quintanilla's termination notice and instructions, the evidence in the record shows that Ms. Pennington attempted to convey Ms. Quintanilla's acceptance of the offer to defense counsel at 4:31 p.m. on that same day, subsequent to Ms. Lewis-Crawford's termination.

**CONCLUSION**

We find that the evidence in the record shows that there was no settlement agreement in writing during the time that Ms. Lewis-Crawford had express authority to enter into such an agreement on Ms. Quintanilla's behalf. Consequently, we find that the trial court manifestly erred in granting the motion to enforce the settlement agreement. Accordingly, we vacate the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

**<u>JUDGMENT VACATED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 1, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-160

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
WILLIAM R. PENTON, III (APPELLANT)       JAHIDA L. LEWIS-CRAWFORD (APPELLEE)       JOSEPH M. MOUTON, II (APPELLEE)
LOAN H. DO (APPELLEE)

## MAILED

CHAD N. EVANS (APPELLEE)
JOHN J. RABALAIS (APPELLEE)
ATTORNEY AT LAW
1404 GREENGATE DRIVE
SUITE 110
COVINGTON, LA 70454

CHARLES AYLES (APPELLEE)
KENDRA HARRIS (APPELLEE)
ATTORNEYS AT LAW
1506 WILLIAMS BOULEVARD
1ST FLOOR
KENNER, LA 70063

CRISTIAN P. SILVA (APPELLANT)
ATTORNEY AT LAW
1818 MANHATTAN BOULEVARD
SUITE 2
HARVEY, LA 70058