PLOTKIN, Judge.
Plaintiff Valerie McRae appeals a trial court judgment granting a motion to enforce settlement and dismissing her suit against defendants Frederick R. and Barbara Sue Ellis, and their insurer, Allstate Insurance Co. We reverse.

Facts

The plaintiff filed the instant suit on March 17, 1992, seeking recovery for damages resulting from an automobile collision. She alleges that sometime around April or May of 1992, her attorney at the time, Lloyd J. Medley Jr., received a $15,000 draft offered by Allstate Insurance Co. in settlement of her claim. The plaintiff claims that she never authorized her attorney to negotiate or accept settlement of the case, and that she therefore refused to accept the $15,000 offer.
Thereafter, during a pre-trial conference, the parties and the trial judge discussed possible settlement of the case for $20,000. Then, on August 31,1992, the plaintiff signed a document authorizing her attorney to settle the case for “$15,000 plus any medical or special damages as offered by Allstate Insurance Company.” The authorization contains a provision making/it irrevocable.
Nevertheless, the plaintiff claims that she orally revoked the authorization within a couple days of signing the document; the record contains no evidence of such revocation. However, by letter dated September 15, 1992, the attorney for Allstate Insurance Co. transmitted to the plaintiffs attorney a draft for $20,000, plus certain closing documents. The plaintiff claims that she did not authorize her attorney to settle the case for that amount, and thus she refused to accept the draft or sign the closing documents.
On September 19, 1992, the plaintiffs attorney mailed a letter to the plaintiff advising her of his intention to file a concursus proceeding in the matter. The next day, on September 20, 1992, the plaintiff wrote a letter discharging her attorney. That letter ended with the following statement: “I would like to reiterate again, that I am not refusing to accept the settlement amount of $20,000, but I am refusing to accept your method of determining your fee.”
On September 21, 1992, the plaintiff filed into the record of this case a “Request for Notice of and Hearing on Concursus Proceeding.” In that document, the plaintiff made the following statement:
I am hereby requesting a hearing on the Concursus proceeding which will be filed herein by my former attorney herein, Lloyd J. Medley Jr. for purposes of having this Court disburse settlement funds according to his contract with me, a copy of which is attached.
On October 30, 1992, the defendants filed a motion to enforce the settlement agreement. Finding the documents attached to the defendants’ motion sufficient to constitute a valid and enforceable settlement agreement under the provisions of La.C.C. art. 3071, as it has been interpreted by the jurisprudence of this state, the trial court granted the motion. The plaintiff appealed; we reverse.

Analysis

La.C.C. art. 3071 provides as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
In interpreting the above provision, the Louisiana Supreme Court has deter *843 mined that, although the article does require that a written settlement agreement be signed by both parties, it does not require that the entire agreement be contained in one document. Felder v. Georgia Pacific Corp., 405 So.2d 521, 523 (La.1981). In Felder, the court found that a release signed by an injured party, when combined with a draft from the insurer of the other party which was identified as settlement funds and sent to the injured party, was sufficient to constitute a settlement agreement. Id. The court found that the release signed by the injured party was an offer to settle, which was effectively accepted by the defendants when the insurer sent the draft to the injured party. Id. Since both an offer and acceptance had been proven, the court found that a compromise agreement had been properly perfected. Id.
The defendants claim that the instant case is factually almost identical to the Felder ease. The defendants in this case attached to their motion to enforce settlement copies of the following documents:
1. Exhibit “A” — The September 14, 1992 letter from James L. Donovan Jr., attorney for the defendants, documenting the transmission of a $20,000 Allstate draft, as well as “closing papers”
2. Exhibit “B” — A $20,000 Allstate draft issued to Valerie McRae and her attorneys, Roland Belsome and Lloyd Medley Jr., which noted the purpose of the draft as “final settlement of any and all claims arising from bodily injury and property damage caused by accident on 04/01/91
3. Exhibit “C” — An unsigned “Motion and Order to Dismiss” the case.
4. Exhibit “D” — An unsigned “Receipt, Release, and Hold Harmless Agreement.”
5. Exhibit “E” — A document captioned “Authorization,” signed by the plaintiff and dated August 31, 1992, giving her attorney of record, Lloyd J. Medley, Jr. the authority to settle this case for “$15,000 plus any medical or special damages as offered by Allstate Insurance Company.”
Despite the defendants’ arguments, we find significant differences between the instant case and the Felder case. In the instant case, the only document signed by Ms. McRae is an “Authorization” which gave her attorney the power to settle her case against Ellis and Allstate for “15,000.00 plus any medical or special damages as offered by Allstate Insurance Company.” Although the defendants argue that this document is virtually the same as the “Release” document signed by the plaintiff in the Felder case, a close look at the two documents reveals vast differences.
As indicated by the Felder opinion, before a trial court can find the existence of a valid written compromise agreement, if must find an offer and an acceptance. The Felder decision simply stands for the proposition that the two elements of the agreement do not have to be contained in the same document. The court stated as follows:
[Wjhere two instruments, when read together, outline the obligations each party has to the other and evidence each party’s acquiescence in the agreement, a written compromise agreement, as contemplated by La.C.C. art. 3071, has been perfected.
Applying that principle, the court found that the “Release” document in Felder contained all the terms of the compromise agreement, which had been decided during an verbal discussion between the plaintiff and the attorney for the insurance company. Therefore, the court found that the release “suffice[d] as a written offer by Mr. Felder to settle all his claims against the defendants” for the sum stated. Felder, 405 So.2d at 524 (Emphasis added).
In the instant case, the “Authorization” signed by Ms. McRae did not contain the terms of any agreement, since no agreement existed between the parties at the time Ms. McRae signed the instrument. The document simply gave her attorney the right to pursue verbal discussions on the matter, and indicated the amount she thought would be acceptable to her in compromise. That document cannot be considered to be an offer to the defendants to compromise the claim, even under the principles enunciated in Felder.
*844 Further, in the Felder case, the court found that the compromise agreement had been perfected when the defendants accepted the plaintiffs offer by mailing the plaintiff a draft for the agreed-upon amount, which contained a notation that the draft was sent for “settlement in full of all claims.”
In the instant case, the defendants did send the plaintiff a draft for $20,000, which the defendants claim represents the “15,000 plus any medical or special damages as offered by Allstate Insurance Company,” as referred to in the “Authorization” signed by Ms. McRae. However, that draft cannot operate as an acceptance as the draft did in the Felder case because there is no evidence of a previous offer in this case, as there was in the Felder case, as explained above. This conclusion is supported by the fact that the draft was itself accompanied by a “Receipt, Release, and Hold Harmless Agreement,” as well as a “Motion and Order to Dismiss” the case. In fact, the letter from the defendants’ attorney, Mr. Donovan, which accompanied these documents, required the plaintiff to sign the documents “prior to transacting on the check.” That language itself indicates that the'defendants considered their mailing the draft and the closing documents to Ms. McRae’s attorney as an offer, which could have been accepted by Ms. McRae through the signing of the closing documents, in order to perfect the proposed compromise agreement.
However, neither Ms. McRae nor her attorney signed the documents or took any other actions to accept the defendants’ offer. In the absence of a valid acceptance no compromise agreement exists. The trial court was manifestly erroneous in finding otherwise and in granting the motion to enforce the settlement agreement.

Conclusion

Accordingly, the trial court judgment is reversed and the case is hereby remanded for further proceedings.

REVERSED AND REMANDED.