665 So.2d 84 (1995)
Doris Bennett and Marvin BENNETT
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. and "XYZ" Insurance Company.
No. 95 CA 0410.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
Writ Denied February 9, 1996.
*85 Doris Bennett, Zachary, Pro Se.
Michael W. McKay, Baton Rouge, for Defendant-Appellee.
Before WATKINS and FOIL, JJ., and TANNER,[1] J. Pro Tem.
THOMAS W. TANNER, Judge Pro Tem.
This appeal follows a lower court order enforcing a settlement agreement. The trial judge signed settlement documents on behalf of plaintiffs who refused to do so.
Plaintiff, Doris Bennett, slipped and fell in an A & P store in Greenwell Springs, Louisiana, on October 25, 1986, and alleged in her petition for damages that she "sustained injuries to her body, shock, freight [sic], and nervous tension", all of which were to be more fully described at trial. This suit was filed on October 26, 1987 on behalf of Mrs. Bennett and her husband, Marvin Bennett. On September 10, 1991, additional counsel enrolled on plaintiffs' behalf. On March 21, 1994, these attorneys filed a "Motion to Enforce Settlement" alleging that plaintiffs agreed to a settlement of $50,000 plus court costs. Further, that after this settlement was accepted by defendants and the matter was removed from the district court trial docket, plaintiffs refused to accept the settlement. Of the $50,000 settlement amount, plaintiffs' attorneys show the following disbursement of funds:[2]

 Attorneys' fees of 40% to be
 split 50/50 by plaintiffs'
 initial and subsequent
 counsel: $20,000.00
 Reimbursement of expenses
 to attorneys: 6,383.39
 Mrs. Bennett's medical expenses
 guaranteed for
 payment by attorneys: 13,949.34
 Disbursement to Plaintiffs: 9,667.27
 __________
 $50,000.00

Following a hearing on the attorneys' motion, the trial judge signed an order on June 28, 1994, requiring plaintiffs to "endorse such drafts, checks, and other documents as are necessary to complete the settlement of this litigation." On August 12, 1994, the trial judge rendered the following order:
On June 28, 1994, this Court entered an Order after a hearing, at which the parties were present, requiring the plaintiffs to endorse drafts, checks and other documents necessary to complete the settlement. Despite that Court Order, plaintiffs have refused. The settlement check expires within sixty days of its issuance. The Court thereby [sic] endorses, on behalf of the plaintiffs, the Receipt and Release, and the settlement check and orders a disbursement be made in accordance with the documents attached as Exhibit "1" and the balance mailed by certified mail, return receipt requested, to the plaintiffs, along with a copy of this Order.
Attached to this order were: copies of the $50,000 settlement check, plaintiffs' attorneys' check to them in the amount of $9,667.27, the settlement disbursement sheet, and a receipt and release signed "Doris Bennett" and "Marvin Bennett" "By Judge Janice Clark". Subsequently, a joint judgment of dismissal was submitted and signed by the court on September 29, 1994. Doris Bennett filed a suspensive appeal, in proper person, on August 26, 1994, alleging the trial court erred in enforcing a settlement arranged by her attorneys not reduced to writing and signed by her.
The transcript of the hearing in this matter does not reflect that any physical evidence was introduced. However, the trial court ordered the record supplemented on appeal with a copy of a letter forwarded by plaintiffs' attorneys to defendants' counsel stating, "Please be advised that we accept your offer of $50,000.00...." The only other *86 proof of settlement offered at trial was the testimony of one of plaintiffs' attorneys who represented to the court that plaintiff agreed, verbally, to settlement and then later changed her mind and fired her attorneys after the acceptance of A & P's settlement offer had been communicated to A & P. Mrs. Bennett testified that "there was no settlement agreement made." She stated that her attorneys "accepted that without [her] knowledge."
Settlement agreements are governed by La.C.C. art. 3071 which provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. [Italics original; emphasis added.]
In Lytle v. Commercial Insurance Company of Newark, New Jersey, 285 So.2d 289 (La. App. 3d Cir.1973), the Third Circuit considered a case similar to the instant one where a plaintiff allegedly agreed to a settlement, initially, and later refused to sign settlement documents or accept the agreed payment. The Third Circuit, in that case, held: "In order to enforce a contract of compromise, the agreement must be reduced to writing. An oral agreement is unenforceable in the face of Article 3071." This holding was reiterated in Smith v. Schultz, 546 So.2d 596 (La.App. 3d Cir.1989). Moreover, the Louisiana Supreme Court has held, "It is of no moment that [plaintiff's] attorney found the negotiated settlement satisfactory.... A settlement must be in writing." Jasmin v. Gafney, Inc., 357 So.2d 539 (La.1978). The purpose of the writing requirement is "to serve as proof of the agreement and the acquiescence therein." LeBlanc v. Fidelity Fire & Casualty Insurance Company, 93-0146 (La.App. 1st Cir. 3/11/94) 633 So.2d 891, citing Bourgeois v. Franklin, 389 So.2d 358 (La.1980). Nor is the requirement of a writing to effect a compromise satisfied by the signature of a party's attorney alone (unless such authorization is express under La.C.C. art. 2997). See McRae v. Ellis, 93-1579 (La. App. 4th Cir. 2/11/94) 632 So.2d 841, writ denied, 94-0523 (La. 4/22/94) 637 So.2d 157. The general authority granted to an attorney in an attorney/client contract of employment "to settle" the client's case constitutes only authority to negotiate a settlement. Id.
In the instant case, the factual finding of the trial court that Mrs. Bennett verbally agreed to the settlement amount of $50,000 is immaterial. Louisiana Civil Code article 3071 requires all settlements not recited in open court to be reduced to writing. The jurisprudence uniformly upholds this principle. Therefore, the lower court erred in ordering the completion of settlement documents, in signing the check, receipt and release, and in dismissing Doris Bennett's case.
Accordingly, we reverse the judgment of the trial court compelling settlement as to Doris Bennett, ordering the completion of settlement documents on behalf of Doris Bennett, and dismissing her suit.[3] The matter is remanded for further proceedings consistent with the foregoing. All costs of this appeal are assessed equally between plaintiffs-in-rule, Unglesby & Koch, and defendants, The Great Atlantic & Pacific Tea Company, Inc.
REVERSED AND REMANDED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The actual "Settlement Disbursement Sheet" shows an itemized listing within each category of individual expenses paid, shown summarily herein for the sake of brevity.
[3] Since Marvin Bennett did not join in the appeal of Doris Bennett, as reflected by the Petition for Appeal, we can grant him no relief. See La.C.C.P. art. 2133; Sims v. CRC Holston, Inc., 442 So.2d 646 (La.App. 1st Cir.1983), writ denied, 446 So.2d 316 (La.1984).