HUGHES, J.
dissenting.
hi respectfully dissent. A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be either reduced into writing or recited in open court and capable of being transcribed from the 12record of the proceeding. LSA-C.C. art. 3071 (in effect prior to its amendment by 2007 La. Acts, No. 138, § 1).
Depositions and writings signed only by a party’s attorney are insufficient. The general authority granted to an attorney in an attorney/client contract of employment to settle the client’s case constitutes only authority to negotiate a settlement. See Bennett v. Great Atlantic & Pacific Tea Company, 95-0410, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 84, 86, writ denied, 95-2981 (La.2/9/96), 667 So.2d 536.
Furthermore, in the instant case, the written document primarily relied on by NPC to establish Jay Weill’s acceptance of its settlement offer indicated that Mr. Weill reserved the right to approve the *411 settlement agreement.[1] Upon that review, Mr. Weill did not approve the settlement contract, taking issue with that portion of the contract dealing with indemnification. Moreover, that document was not signed by Mr. Weill. Until the parties sign a written document or documents evincing their consent to the terms of a proposed settlement agreement, either party is free to change his mind. Sullivan v. Sullivan, 671 So.2d 315, 318 (La.1996); Doiron v. Louisiana Farm Bureau Mutual Insurance Company, 98-2818, p. 7 (La.App. 1 Cir. 2/18/00), 753 So.2d 357, 362. See also Shell Oil Company v. Jackson, 94 1267, p. 7 (La.App. 1 Cir. 5/5/95), 655 So.2d 482, 485. A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. Shell Oil Company v. Jackson, 94 1267 at p. 8, 655 So.2d at 486.
| ../Conclusion
Arguably, there was never a meeting of the minds over the scope of the indemnity. However, even if there was, the proposed settlement of litigation was not signed by Weill or recited in court and is therefore not enforceable.
Weill must sign in order to sell real estate he owns, and once a lawsuit is filed, a compromise of the litigation requires a recitation in open court or that both parties sign the settlement agreement. As Judge Redman noted, the purpose of article 3071 is to avoid swapping a new dispute for an old, Tucker v. Atterburg, 409 So.2d 320, 322(La.App. 4 Cir.1982).

. The July 26, 2007 communication by counsel for Weill states “I am authorized to accept your offer”, but is actually a counter-offer because, among other conditions, it changes the indemnity terms by deleting the limitation that the indemnity be related to the Petro Processors site.