HUGHES, J.
 

 | pThis is an appeal from a summary judgment in an action, arising out of a vehicular accident, for personal injuries, property damage, and penalties for the alleged breach of a settlement agreement. For the reasons that follow, we affirm the judgment, which awarded property damages as having been unconditionally tendered, but dismissed the remaining claims, which were found to have been barred by Louisiana’s “No Pay, No Play” Statute (LSA-R.S. 32:866).
 
 [1]
 

 FACTS AND PROCEDURAL HISTORY
 

 On November 22, 2007 James Sims and McHenry Jackson were involved in an automobile accident on North Foster Drive in Baton Rouge, when Mr. Jackson’s vehicle rear-ended Mr. Sims’ vehicle. At the time of the accident, Mr. Jackson was insured by USAgencies Casualty Insurance Company (“USAgencies”); Mr. Sims was uninsured. Mr. Sims allegedly suffered both personal injury and property damage as a result of the accident.
 

 Although USAgencies had initially denied Mr. Sims’ claim for damages, on the basis that he was uninsured and therefore in violation of the No Pay, No Play Statute and not entitled to recover the first $10,000.00 of his damages, counsel for Mr. Sims represented that Mr. Jackson had been intoxicated at the time of the accident, which provided an exception to the penalty provisions of the statute.
 
 [2]
 
 | (¡Thereafter, USAgencies agreed to settle Mr. Sims’ claim for damages for the amount of $10,000.00 for his personal injuries and $4,126.81 for his property damage. On May 8, 2008 USAgencies forwarded settlement documents and checks in the amounts of $10,000.00 and $4,126.81 to Mr. Sims’ attorney, but stopped payment on the checks on May 15, 2008, stating that it had determined that the assertion that its insured was intoxicated at the time of the
 
 *572
 
 accident was incorrect, that “any agreements reached based upon this assertion have been vitiated” and Louisiana’s No Pay, No Play Statute applied to exclude coverage for the accident.
 

 On May 28, 2008 Mr. Sims filed suit against Mr. Jackson and USAgencies for the damages he sustained in the accident and for additional penalties and attorney fees against USAgencies for failure to fund the settlement agreement. USAgencies filed a motion for summary judgment contending that because Mr. Sims did not have compulsory motor vehicle liability coverage on the date of the accident, LSA-R.S. 32:866(A) required that he forfeit the first $10,000.00 of recovery of both personal injuries and property damages, and asserting it was entitled to dismissal of the suit. Mr. Sims also filed a motion for summary judgment contending that a transaction and compromise had been agreed to by the parties, but was breached by USAgencies, and that he was entitled to judgment in his favor enforcing the settlement and awarding penalties and attorney fees. Following an October 5, 2009 hearing on the motions, judgment was rendered in favor of Mr. Sims for his property damage, in the amount of $4,126.81, on a finding by the court that this amount had been unconditionally tendered to Mr. Sims by USAgencies. The court further rendered judgment decreeing that the $10,000.00 settlement of Mr. Sims’ bodily injury claim was invalid and unenforceable, as it violated public policy; the court further declared that “James Sims shall not be entitled to recover the first ten thousand dollars of bodily injury Land any further damages up to the first ten thousand dollars of property damage as a result of his failure to own or maintain compulsory motor vehicle liability security.” Following signing of the trial court’s judgment on November 30, 2009, Mr. Sims filed an application for a supervisory writ, which resulted in the following March 16, 2010 ruling by this court:
 

 WRIT GRANTED WITH INSTRUCTIONS. The judgment rendered by the trial court disposes of all issues and parties in this matter, which would render it a final and appealable judgment, not appropriate for this court’s review as a supervisory writ. However, it appears that the judgment as written lacks the requisite decretal language pursuant to LSA-C.C.P. arts. 1911 and 1918 in that it fails to dismiss the defendants, in whose favor the summary judgment was rendered, and to dismiss plaintiffs claim for the liability policy limits. Accordingly, we remand the matter back to the trial court with instructions to amend the judgment to include the requisite decretal language. Once amended, the judgment will be final and appealable, and the trial court is further instructed to grant the relator an appeal pursuant to the December 3, 2009 pleading notifying the trial court of relator’s prior intention to seek writs....
 

 Thereafter, an amended judgment was signed by the trial court on May 3, 2010, reiterating its previous rulings and additionally dismissing the claims of Mr. Sims against both Mr. Jackson and USAgencies.
 

 Mr. Sims has appealed the trial court rulings, contending that summary judgment was inappropriate in this case, and asserting that the trial court erred in failing to enforce the transaction and compromise agreement between the parties. Mr. Sims further contends that the trial court erred in failing to order penalties, attorney fees, and costs against USAgencies for refusing to pay the agreed settlement amount within thirty days, in accordance with LSA-R.S. 22:1892 and LSA-R.S. 22:1973.
 

 
 *573
 
 LAW AND ANALYSIS
 

 Motion for Summary Judgment
 

 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. |sart. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
 

 Appellate courts review summary judgments
 
 de novo
 
 under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate.
 
 Samaha v. Rau,
 
 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882;
 
 Allen v. State ex rel. Ernest N. Moriah-New Orleans Exhibition Hall Authority,
 
 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377;
 
 Boudreaux v. Vankerkhove,
 
 2007-2555, p. 5 (La.App. 1 Cir. 8/11/08), 993 So.2d 725, 729-30.
 

 In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party’s favor.
 
 Hines v. Garrett,
 
 2004-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765.
 

 A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id.,
 
 2004-0806 at p. 1, 876 So.2d at 765-66.
 

 On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will |fibe able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted.
 
 See
 
 LSA-C.C.P. art. 966(C)(2).
 

 When a motion for summary judgment is made and supported as provided in LSA-C.C.P. art. 967, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in LSA-C.C.P. art. 967, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. LSA-C.C.P. art. 967(B).
 
 See also Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority,
 
 2007-0107, p. 9 (La.App. 1 Cir.2/8/08), 984 So.2d 72, 79-80;
 
 Cressionnie v. Intrepid, Inc.,
 
 2003-1714, p. 3 (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
 

 Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.
 
 Richard v. Hall,
 
 2003-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137;
 
 Dyess v. American National Property and Casualty Company,
 
 2003-1971, p. 4 (La.App. 1 Cir. 6/25/04), 886 So.2d 448, 451,
 
 writ denied,
 
 2004-1858 (La.10/29/04),
 
 *574
 
 885 So.2d 592;
 
 Cressionnie v. Intrepid, Inc.,
 
 2003-1714 at p. 3, 879 So.2d at 738-39. Accordingly, we first examine whether there was a valid and enforceable settlement in this case.
 

 Settlement of Claims
 

 A settlement or compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071. An out-of-court oral agreement is unenforceable.
 
 See
 
 LSA-C.C. art. 3072;
 
 [3]
 

 Felder v.
 

 Georgia Pacific Corp.,
 
 405 So.2d 521, 523 (La.1981);
 
 Bennett v. Great Atlantic & Pacific Tea Company,
 
 95-0410, pp. 3-4 (La.App. 1 Cir. 11/9/95), 665 So.2d 84, 86,
 
 writ denied,
 
 95-2981 (La.2/9/96), 667 So.2d 536. The purpose of the writing requirement is to serve as proof of the agreement and the acquiescence therein.
 
 Bourgeois v. Franklin,
 
 389 So.2d 358, 361 (La.1980);
 
 Bennett v. Great Atlantic & Pacific Tea Company,
 
 95-0410 at p. 4, 665 So.2d at 86. A compromise, as any other contract, may be contained in two writings rather than one.
 
 See
 
 LSA-C.C. art. 3072, 2007 Revision Comment (c);
 
 Felder v. Georgia Pacific Corp.,
 
 405 So.2d at 523-24;
 
 Brasseaux v. Allstate Insurance Company,
 
 97-0526, p. 5 (La.App. 1 Cir. 4/8/98), 710 So.2d 826, 829.
 

 In the instant case, Mr. Sims contends that the letters that passed between his attorney and USAgencies constituted a written settlement agreement between the parties. The letters between the parties in this case were filed into the record and reveal the following facts. On March 24, 2008 USAgencies representative Gilbert Sumba forwarded a letter to Mr. Sims’ attorney, which stated: “After careful consideration of the facts surrounding the loss, we find that we must respectfully deny your claim for the following reason(s): your client did not have an active liability insurance coverage on the date of loss — (LA No Pay No Play statute.)” Counsel for Mr. Sims responded in a letter dated April 3, 2008, in pertinent part: “Please be advised that your insured was drunk at the time of the accident, therefore the Louisiana No Pay No Play Statute does not apply in this case.” Further, on April 23, 2008, Mr. Sims’ attorney forwarded a letter to USAgencies enclosing the medical bills of Mr. Sims (amounting to $2,981.00), disclosing that he had been diagnosed with a cervical/lumbar strain, and demanding that USAgencies tender the policy limits “to settle the matter.” On May 8, 2008 USAgencies representative Mia Williams sent a letter to Mr. Sims’ attorney, which stated: “Please allow this letter to confirm settlement reached on behalf of James |8Sims for the amount of $10,000.00. We have enclosed the Release of all Claims and Indemnity Agreement for your client’s signature. Please be advised that the settlement draft will follow under separate cover.” Thereafter, on May 15, 2008, USAgencies Casualty Claims Director Eric C. Raby communicated, in a letter to Mr. Sims’ attorney, USAgencies’ decision to stop payment on the settlement checks, based on its information that Mr. Jackson was not intoxicated and the applicability of the No Pay, No Play Statute.
 

 After a careful review of the facts of this case, applicable law, and jurisprudence, we find the correspondence between USAgen-cies and Mr. Sims’ attorney insufficient to constitute a valid contractual settlement of Mr. Sims’ damage claims.
 

 
 *575
 
 It is of no moment that a party’s attorney finds a negotiated settlement satisfactory; a settlement must be in writing. Nor is the requirement of a writing to effect a compromise satisfied by the signature of a party’s attorney alone (unless such authorization is express under LSA-C.C. art. 2997).
 
 [4]
 
 The general authority granted to an attorney in an attorney/client contract of employment to
 
 settle
 
 the client’s case constitutes only authority to
 
 negotiate
 
 a settlement.
 
 Bennett v. Great Atlantic & Pacific Tea Company,
 
 95-0410 at p. 4, 665 So.2d at 86.
 
 See also Lizama v. Williams,
 
 99-1040, p. 5 (La. App. 5 Cir. 3/22/00), 759 So.2d 865, 868. In the instant case, the correspondence that Mr. Sims relies on to establish a compromise in this case did not contain his signature, and no evidence was submitted to establish that Mr. Sims expressly authorized his attorney to settle his claims.
 
 [5]
 

 |9Until the parties signed a written document or documents evincing their consent to the terms of their earlier negotiated agreement, either party was free to change his mind.
 
 Doiron v. Louisiana Farm Bureau Mutual Insurance Company,
 
 98-2818, p. 7 (La.App. 1 Cir. 2/18/00), 753 So.2d 357, 362. In light of USAgen-eies’ timely withdrawal of its written offer, Mr. Sims has failed to prove the existence of a valid compromise in compliance with LSA-C.C. art. 3071.
 
 [6]
 

 See Doiron v. Louisiana Farm Bureau Mutual Insurance Company,
 
 98-2818 at p. 7, 753 So.2d at 362. The offer was withdrawn before accepted. Therefore, we are unable to say the trial court erred in refusing to enforce the uncompleted “settlement” in this case, insofar as Mr. Sims’ personal injury damages were concerned.
 
 [7]
 
 Further, since Mr. Sims does not contend on appeal that he was in fact insured at the time of the accident, so that the provisions of the No Pay, No Play Statute, LSA-R.S. 32:866(A)(1), were inapplicable to him, we find no error in the dismissal of this suit.
 
 [8]
 

 
 *576
 
 | ^CONCLUSION
 

 For the reasons assigned herein, the summary judgment, in favor of USAgen-cies Casualty Insurance Company and McHenry Jackson, dismissing the plaintiffs suit is affirmed. All costs of this appeal are to be borne by the plaintiff, James Sims.
 

 AFFIRMED.
 

 [1]
 

 . At the time of the instant accident, LSA-R.S. 32:866(A)(1) provided:
 

 There should be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
 

 See also Progressive Security Insurance Company v. Foster,
 
 97-2985, p. 2 (La.4/23/98), 711 So.2d 675, 678.
 

 [2]
 

 . Subsection (3)(a) of LSA-R.S. 32:866(A) provides, in pertinent part:
 

 The limitation of recovery provisions of this Subsection do not apply if the driver of the other vehicle:
 

 (i) Is cited for a violation of R.S. 14:98 [operating a vehicle while intoxicated] as a result of the accident and is subsequently convicted of or pleads nolo contendere to such offense.
 

 [3]
 

 . Article 3072 provides: "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.”
 

 [4]
 

 . Article 2997 provides, in pertinent part: "Authority also must be given expressly to: ... [ejnter into a compromise or refer a matter to arbitration.”
 

 [5]
 

 . We note that this court has previously held that a draft may serve as a written compromise where it recites that it is in full payment for all claims as a result of an accident and the draft is endorsed and negotiated. However, no evidence was submitted in this case to establish that Mr. Sims endorsed and negotiated the USAgencies drafts that were forwarded to his attorney.
 
 See Doiron v. Louisiana Farm Bureau Mutual Insurance Company,
 
 98-2818, p. 5 (La.App. 1 Cir. 2/18/00), 753 So.2d 357, 361.
 

 [6]
 

 . We find
 
 City of Baton Rouge v. Douglas,
 
 2007-1153 (La.App. 1 Cir. 2/8/08), 984 So.2d 746,
 
 writ denied,
 
 2008-0939 (La.6/20/08), 983 So.2d 1284, cited by Mr. Sims to this court, distinguishable on the facts as the parties in Douglas had entered a settlement agreement on the record in open court (at the hearing, the trial court questioned Mr. Douglas on the record regarding his understanding that the settlement agreement "puts an end to all of the litigation between you and the City 1/Par-ish];” Mr. Douglas indicated that he understood and that he desired to put an end to the litigation; Mr. Douglas agreed to the City/Parish’s condition of settlement that he must never seek employment with the City/Parish in the future; and the trial court stated, "[a]ll right. This case is fully settled.”).
 

 [7]
 

 . Since USAgencies filed no appeal, or answer to this appeal, to contest the trial court's award of $4,126.81 for Mr. Sims’ property damage or the court’s finding that this amount had been unconditionally tendered to Mr. Sims by USAgencies, the propriety of this award is not before this court.
 

 [8]
 

 . Because of our disposition of the issues on appeal on the basis stated, we find it unnecessary to address other issues raised by the parties, in particular, Mr. Sims’ argument as to penalties and attorney fees and USAgencies argument, in support of the judgment in its favor, that a settlement agreement cannot create obligations that conflict with the "No Pay, No Play” Statute (LSA-R.S. 32:866).