CRAIN, J.
| zLarry Cutrer appeals the dismissal of his redhibition suit against Open Range RV Company. The trial court found that Cutrer’s claims were extinguished by a compromise. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
Cutrer filed a Petition in Redhibition against Open Range based upon allegations that he purchased a recreational vehicle trailer (“RV”) from Open Range that contained numerous vices and defects. Cutrer sought to rescind the sale and recover the purchase price, all costs of the sale, reimbursement for any note payments, attorney’s fees and damages for aggravation and inconvenience.
In an effort to resolve the claim, Cut-rer’s counsel forwarded a letter to Open Range’s counsel that said, in part, “Here is a very realistic settlement proposal. My client wishes to follow the law i.e. rescind the return sale price [sic], associated costs, attorneys fees and loss of recreation and enjoyment values.” The letter included the following itemization:
Down Payment $40,210.00
Monthly Payments $301.26 x 13 $3,916.38
Insurance Payments 2@ $392.00 $784.00
Tags 2 years @ $600.00/yr. $1,200.00
Filing Fee $500.00
Notary Fee $15.00
Service Contract $2,295.00 TOTAL WITHOUT ATTORNEY’S FEES & ENJOYMENT $48,817.38[1]
Attorney’s Fees
Loss or [sic] Recreation & Enjoyment
As indicated, the itemization included blanks for attorney’s fees and loss of recreation and enjoyment. No additional figures were included in the letter, and it was signed by Cutrer’s counsel but not by Cutrer.
13Weeks later, a representative of Open Range faxed Cutrer’s counsel a copy of the same letter, but added handwritten information. Specifically, the figure “5,000.00” was written in the blank for attorney’s fees, a zero was entered in the blank for loss of recreation and enjoyment, and a new total of “53,817.39” was inserted at the bottom of the list. The following language was also added: “We accept this offer on the terms stated in your letter.” That sentence was followed by the signature of Pamela A. Graber, identified as “VP of Operations” for Open Range.
Based upon these written communications, Open Range filed a Motion to Enforce Settlement Agreement and asserted that the case settled. Cutrer opposed the motion arguing there was no final settlement because the parties made no provision for payment of an outstanding mortgage on the RV and because Cutrer did not agree to the figures inserted for attorney’s fees and damages. The trial court found a valid compromise and signed a judgment dismissing the suit with prejudice. Cutrer asserts on appeal that the trial court erred because no final settlement agreement was reached. He contends that the reply from Open Range was a counteroffer that was never accepted and *1104 any settlement involving a rescission of the sale would require payment of the outstanding mortgage on the RV, which Open Range refused to do.
LAW AND ANALYSIS
A settlement or compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. Civ.Code art. 3071; Sims v. USAgencies Cas. Ins. Co., 10-1120 (La.App. 1 Cir. 12/22/10), 68 So.3d 570, 574, writ denied, 11-1927 (La. 11/14/11), 75 So.3d 943. Like any contract, a compromise agreement is formed by the consent of the parties through offer and acceptance. La. Civ.Code art. 1927. An acceptance not in accordance with the |4terms of the offer is deemed to be a counteroffer. La. Civ.Code art. 1943. A compromise is valid only if there is a meeting of the minds between the parties as to exactly what they intended when the compromise was reached. Sceroler v. Rancher, 99-2859 (La.App. 1 Cir. 2/15/02), 808 So.2d 803, 809, writ denied, 02-0811 (La.5/24/02), 816 So.2d 849.
The letter from Cutrer’s counsel is tendered as a “settlement proposal” and lists nine items of damages. The first seven items include corresponding figures that Cutrer would accept to settle each of those claims, with an identified total of “$48,-817.39” for all seven. There are blanks included for the last two items: attorney’s fees and loss of recreation and enjoyment. Construing the letter in its entirety, we believe it set forth an offer to settle the claims for the first seven items for the stated amounts and was an invitation to negotiate the claims for attorney’s fees and loss of recreation.[2] The defendant’s representative responded to the letter by writing that “[w]e accept this offer on the terms stated in your letter,” but she then inserted additional terms by entering the figure “5,000.00” in the blank for attorney’s fees, a zero in the blank for the loss of recreation and enjoyment claim, and, most significantly, a new total of “53,-817.39.” The purported acceptance of the offer was thus qualified by the condition that Cutrer accept $5,000.00 for the attorney’s fee claim, nothing for the loss of recreation claim, and a new total of $53,816.39. These additional terms constituted a new offer to settle all nine items of damages that required Cutrer’s acceptance to establish the parties’ intent to enter a compromise agreement. The letter does not reflect any acceptance of the new offer. Thus, the evidence fails to establish Cut-rer’s consent to the purported settlement agreement. See, Town & County Prop., Inc. v. Soileau, 97-0917 (La.App. 1 Cir. 5/15/98), 712 So.2d 1003, 1006 (party’s consent to contract was 15vitiated by insertion of information in a blank in the agreement after the party had signed it).
The absence of Cutrer’s signature to the letter is also fatal to the assertion that a binding settlement agreement was entered. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptive of being transcribed from the record of the proceedings. La. Civ.Code art. 3072. The purpose of the writing requirement is to serve as proof of the agreement and the acquiescence therein. Bourgeois v. Franklin, 389 So.2d 358, 361 (La.1980); Sims, 68 So.3d at 574. An agent must be given express authority to enter into a compromise for the principal. La. Civ. Code art, 2997(5).
*1105 Here, the only evidence of a compromise agreement is the letter signed by Graber and Cutrer’s counsel. The letter was not signed by Cutrer. In Sims, this court held that a letter signed by a party’s attorney, but not by the party, was not sufficient to create a binding compromise agreement unless the party expressly authorized his attorney to convey or accept the offer, and explained:
It is of no moment that a party’s attorney finds a negotiated settlement satisfactory; a settlement must be in writing. Nor is the requirement of a writing to effect a compromise satisfied by the signature of a party’s attorney alone (unless such authorization is express under LSA-C.C. art. 2997). The general authority granted to an attorney in an attorney/client contract of employment to settle the client’s case constitutes only authority to negotiate a settlement. In the instant case, the correspondence that Mr. Sims relies on to establish a compromise in this case did not contain his signature, and no evidence was submitted to establish that Mr. Sims expressly authorized his attorney to settle his claims.
Sims, 68 So.3d at 575 (citations and footnotes omitted).
The party’s signature on the written agreement fulfills the purpose of the writing requirement by ensuring adequate proof of the agreement and the acquiescence therein by the parties. As the facts of this case demonstrate, the consent of the parties to the specific terms of a compromise agreement is not always readily apparent, and that consent is even less evident when the parties’ |6signatures do not appear on the agreement. No evidence was presented to the trial court that established Cutrer’s express authority to enter the proposed compromise.
We hold that the letter forwarded by Cutrer’s counsel and modified and returned by the Open Range employee does not support the trial court’s finding of a valid compromise agreement. For the foregoing reasons, we reverse the judgment of the trial court and remand for farther proceedings. Costs of this appeal are assessed to Open Range.
REVERSED AND REMANDED.
THERIOT, J., Concurs with Reasons.

. The itemized amounts actually total $48,920.38.

. For a case addressing an invitation to negotiate, see, Knipmeyer v. Diocese of Alexandria, 492 So.2d 550, 552-554 (La.App. 3 Cir. 1986), writ denied, 496 So.2d 347 (La. 1986).