McClendon, j.
|2This is an appeal from a judgment that denied a motion to enforce a settlement agreement in a timber dispute. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 7, 2013, the plaintiffs, the Marietta Trust[1] and the Warren Trust[2] filed a petition for wrongful timber cutting and for property damage, penalties, interest, costs, and attorney fees. In their petition, the plaintiffs named as defendants, Fair Hills Farms, LLC and Thomas Keaty, Jr. (the Fair Hills defendants). Also named as defendants were J.R. Logging, Inc., Jerry Avants, Jr., and J.R. Logging’s insurer, Indemnity Insurance Company of North America (the J.R. Logging defendants)'. Fair Hills owns property adjacent to the plaintiffs’ property in Tangipahoa Parish, and the plaintiffs alleged that Fair Hills, along with its agent Mr. Keaty, wrongfully cut timber on the plaintiffs’ property. The plaintiffs also alleged that J.R. Logging and Mr. Avants were hired by Fair Hills and Mr. Keaty to cut the timber on the Fair Hills property and that J.R. Logging and Mr. Avants wrongfully cut the plaintiffs’ timber. Thereafter, the Fair Hills defendants and the J.R. Logging defendants filed cross claims against each other.
On November 9, 2015, the trial court held' a status conference, at which time the terms of a potential settlement were discussed. The plaintiffs and the J.R. Logging defendants proposed a settlement whereby the J.R. Logging defendants would pay to the plaintiffs $20,000.00 in consideration for a dismissal of all claims against the J.R. Logging' defendants and the Fair Hills defendants. The proposed settlement also included a dismissal of the cross claims between the defendants. On November 13, 2015, Charles Reid, counsel for the Fair Hills defendants, sent the following email to Cecily Salley, counsel for the plaintiffs, and to Maureen Sullivan, counsel for the J.R. Logging defendants:
la After much thought, my clients have agreed to the settlement proposal by the JR Logging/Ayants Defendants whereby the entire settlement amount will be paid by the JR Logging/Avants Defendants and no payment .made will be made by Fair Hills Farms LLC and Thomas Keaty Jr. This settlement requires all, parties ... to dismiss the claims against each other,- including the Cross Claims between the JR Logging/Avants defendants and the Fair Hills Farms/Keaty Defendants. It is my understanding that .-Maureen will' prepare the settlement agreement, releases and dismissal. Thank you in advance for your cooperation in this matter.
*1147 Ms. Sullivan responded by email that same day to Mr. Reid, with a copy to Ms. Salley, stating:
Thank you for the information Chuck. We will prepare the Settlement Agreement per your email. All claims, all parties released and dismissed with prejudice.
I will circulate the draft today. I will also request a check as soon as I. get information on exact Payees and W9s from Cecily.
Thereafter, a Release, Receipt and Settlement Agreement, with a motion and order for the dismissal of the cross claims, was drafted and circulated among all counsel by email on November 16, 2015. After some back and forth communications between counsel, a few changes were made, and on November 18, 2015, Ms. Sullivan, counsel for the J.R. Logging defendants, emailed the final version of the documents with the agreed changes to Ms. Salley, counsel for the plaintiffs. On December 3, 2015, Ms. Sullivan sent by mail the Receipt, Release and Settlement Agreement and the Joint Motion and Order to Dismiss all Claims to Ms. Salley for signature by the plaintiffs, with a settlement check in the amount of $20,000.00. A copy was also sent to Mr. Reid, counsel for the Fair Hills defendants.
Ms. Sullivan received the Receipt, Release and Settlement Agreement executed by the plaintiffs and Ms. Salley[3], as well as the Joint Motion and Order to Dismiss executed on behalf of the plaintiffs. On December 14, 2015, the documents were forwarded to Mr. Reid with instructions to “sign where indicated by tabs” as the attorney for Fair Hills and Mr. Keaty. On December 28, 2015, after the documents were not returned and attempts to contact Mr. Reid were unsuccessful, Ms. Salley emailed Mr. Reid advising him that she would contact the trial court if she and Ms. Sullivan did not hear from him regarding the status of the settlement documents. That day, Ms. [¿Salley was advised that Fair Hills and Mr. Keaty would not sign the Receipt, Release and Settlement Agreement[4], which would have dismissed their cross claims against the J.R. Logging defendants.
On January 28, 2016, the plaintiffs and the J.R. Logging defendants filed a Joint Motion to Enforce Settlement Agreement, asserting, that a valid and binding settlement had been reached. Following a hearing on the motion, the trial court denied the motion to enforce the settlement. The trial court signed a judgment on April 25, 2016.[5] The J.R. Logging defendants have appealed.
LAW AND DISCUSSION
The two-part test for the appellate review of a factual finding is 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. If a reasonable' factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it de *1148 termines the trial court’s finding was clearly wrong. Mixed questions of law and fact are also subject to the manifest error standard of review. Dozier v. Rhodus, 08-1813 (La.App. 1 Cir. 5/5/09), 17 So.3d 402, 407, writ denied, 09-1647 (La. 10/30/09), 21 So.3d 294.
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. LSA-C.C. art. 3072. A compromise, as any other contract, may be contained in two writings rather than one. Sims v. USAgencies Cas. Ins. Co., 10-1120 (La.App. 1 Cir. 12/22/10), 68 So.3d 570, 574, writ denied, 11-1927 (La. 11/14/11), 75 So.3d 943. The purpose of the writing requirement is to serve as proof of the agreement and the acquiescence therein. Sullivan v. Sullivan, 95-2122 (La. 4/8/96), 671 So.2d 315, 317; Sims, 68 So.3d at 574. Thus, for a transaction or compromise to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceedings or it must be reduced to writing and signed by the parties or their agents. Sullivan, 671 So.2d at 317-18. Until the parties sign a written document or documents evincing their consent to the terms of a proposed settlement agreement, a party is free to change his or her mind. Sullivan, 671 So.2d at 318; Doiron v. Louisiana Farm Bureau Mut. Ins. Co., 98-2818 (La.App. 1 Cir. 2/18/00), 753 So.2d 357, 362.
Louisiana Civil Code Article 2997 provides, in pertinent part, “Authority also must be given expressly to: ... (5) Enter into a compromise or refer a matter to arbitration.” The signature of a party’s attorney alone is not sufficient to effect a compromise unless the required authorization is expressly given as provided under LSA-C.C. art. 2997. Lemoine v. Thornton, 13-889 (La.App. 3 Cir. 2/12/14), 161 So.3d 666, 671, writ denied, 14-0541 (La. 4/25/14), 138 So.3d 648. The law is quite clear in our jurisprudence that a party’s counsel of record does not have authority to settle a client’s claim without his client’s clear and express consent. Lemoine, 161 So.3d at 671. The general authority granted to an attorney in an attorney/client contract of employment to settle the client’s case constitutes only authority to negotiate a settlement. Sims, 68 So.3d at 575; Bennett v. Great Atlantic & Pacific Tea Co., Inc., 95-0410 (La.App. 1 Cir. 11/9/95), 665 So.2d 84, 86, writ denied, 95-2981, (La. 2/9/96), 667 So.2d 536.
In this matter, the record reveals that no compromise was ever recited in open court, and there is no question that the Receipt, Release and Settlement Agreement was not signed by Fair Hills or Mr. Keaty. Nevertheless, the J.R. Logging defendants contend that a valid compromise was perfected by the emails between the attorneys and that Mr. Reid was acting as an agent for the Fair Hills defendants. Therefore, the ultimate issue before this court is whether the emails between counsel for the parties satisfied the requirement set forth in LSA-C.C. art. 3072 that a compromise be made in writing. Inherent in this inquiry is what express authority, if any, was granted to Mr. Reid by his clients. After a careful review of the facts of this case, applicable law, and | ^-jurisprudence, we find the emails between the attorneys insufficient to constitute a valid contractual settlement of the claims of the parties.
In denying the Motion to Enforce the Settlement Agreement, the trial court stated:
*1149 I just don’t think it’s clear enough that this is a writing that has the complete meeting of the minds and complete agreeings (sic) and the authority of Mr. Reid as an attorney for Fair Hills Farm and Mr. Keaty.
We agree with the trial court that the emails in this matter were insufficient to establish a binding compromise. The record shows that a settlement agreement was contemplated, as indicated by the emails of November 13, 2015. However, even assuming that the emails accurately reflected the terms that the palsies agreed to on that date, neither the emails nor anything else in the record establish that Mr. Reid had the specific authority to settle the case. Although Mr. Reid’s email states that his “clients have agreed to the settlement,” there is nothing in the record showing that Fair Hills and Mr. Keaty ever gave Mr. Reid the express consent necessary to accept the terms of the settlement on their behalf.[6] Again, although attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, attorneys may not enter into a binding compromise agreement without their clients’ clear and express authority. See LSA-C.C. art. 2997; Sims, 68 So.3d at 575. Therefore, given that the terms of the settlement were not reduced to writing and signed by the parties or their agents, there is no enforceable settlement agreement under LSA-C.C. art. 3071 et seq. Accordingly, based on the facts and record before us, we cannot say that the trial court was manifestly erroneous or clearly wrong in finding that there was no binding settlement agreement, and we find no error in the trial court’s denial of the Motion to Enforce Settlement Agreement.[7]
^CONCLUSION
For the above reasons, we affirm the April 25, 2016 judgment of the trial court. All costs of this appeal are assessed to the J.R. Logging defendants, namely, J.R. Logging Inc., Jerry Avants, Jr., and Indemnity Insurance Company of North America.
AFFIRMED.

. The Marietta Trust is composed of J. Thomas Lewis, Carl R. Schneider, and Frederick Á. Reimers, as Testamentary Trustees for Carl Reimers Schneider, John Frederick Schneider, and Fay Adele Schneider Bright, under the will of Frederick Williams Reimers.

. The Warren Trust is composed of J. Thomas Lewis, Carl R. Schneider, and Frederick A. Reimers, as Testamentary Trustees for Frederick Anderson Reimers, Alison Jean Reimers Lyell, Margaret Warren R, Graves, and John Anderson Reimers, under the will of Frederick William Reimers,

. The Receipt, Release'and Settlement Agreement contained a signature line for Ms. Sal-ley’s approval as the attorney for the plaintiffs.

. Ms. Salley received a telephone call from attorney Donna Grodner, who had not yet enrolled as counsel of record for Fair Hills and Mr. Keaty.

. The J.R. Logging defendants filed a motion to certify the judgment as a final appealable judgment under LSA-C.C.P. art. 1915B. The trial court granted the motion and certified the judgment as final. Having reviewed the record, we find no error in designating the judgment as immédiatply appealable. See R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05), 894 So.2d 1113.

. We note that the affidavit of Thomas S. Keaty, III, submitted in opposition to the motion to enforce the settlement, did not address the authority of Mr. Reid.

. Finding no binding and enforceable settlement agreement, we need not address the J.R. Logging defendants’ remaining assignments of error. Additionally, because the Fair Hills defendants neither appealed nor answered the appeal, we do not address the prayer for costs in their appellee brief. See Hospital Corp. of America v. Robinson, 499 So.2d 246, 249 (La.App. 1 Cir. 1986) (“Failure to appeal or answer an appeal precludes this court’s consideration of any issues subsequently asserted in brief.”).